IN THE UNITED STATES DISTRICT
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **DESIRE GRIFFIN** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| vs. | ) | **Case No.:** |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | **Division:** |
| | ) | |
| *Defendant.* | ) | |

## COMPLAINT

**COMES NOW** Plaintiff Desire Griffin, appearing by and through counsel, and for her claims against Defendant United States of America (hereinafter USA) alleges and states as follows:

### INTRODUCTION

1. Plaintiff Desire Griffin brings this complaint against the United States of America pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. 1346 (b).

2. Plaintiff has exhausted her claims by filing the required forms with the Defendant and having her claims denied. See Exh. A (denial letter) and Exh. B (claim form).

3. This action seeks compensatory damages for personal injuries sustained by Plaintiff while she was an invitee at Swope Health Services, a Federally Qualified Health center and Federal Tort Claims Act-deemed facility, arising from Defendant's negligence in failing to exercise reasonable care in maintaining safe premises.

### JURISDICTION AND VENUE

4. This Court has jurisdiction over this claim against the USA for money damages pursuant to 28 U.S.C. 1346 (b).

5. The acts or omissions giving rise to this claim occurred in the Western District of Missouri; therefore, venue is proper under 28 U.S.C. § 1402(b).

6. Jurisdiction founded upon the federal law is proper in that this action is premised upon federal causes of action under the Federal Tort Claims Act (hereinafter "FTCA").

7. Pursuant to the FTCA, the Plaintiff on or about October 4, 2019, Plaintiff presented his claim to the appropriate federal agency for administrative settlement under the FTCA requesting $574,202.70. By letter dated October 31, 2019, Plaintiff's claim was finally denied in writing by the Department of Health and Human Services and such denial was sent by certified or registered mail to the Plaintiff. (Claim #2020-0339).

8. This action is timely pursuant to 28 U.S.C. § 2401(b) in that it was presented to the appropriate federal agency within two years of accrual and this action was filed within six months of receipt of the certified letter sent by the federal agency denying the claim.

**PARTIES**

9. Plaintiff is an individual resident of Sugar Land, Fort Bend County, Texas.

10. Defendant USA is subject to suit for personal injury caused by the negligent and wrongful acts and omissions of employees of the government while acting within the course and scope of their office or employment, under the circumstances where the Defendant, if a private person, would be liable to the plaintiff in accordance with the laws of the state of Missouri, pursuant to the FTCA.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

11. Pursuant to the FTCA 28 U.S.C. 1346(b)(1) and 28 U.S.C. § 2674, Defendant's sovereign immunity has been waived as to Plaintiff's cause of action.

___

Petition      Page **2** of **5**

Case 4:20-cv-00259-BCW   Document 1   Filed 04/01/20   Page 2 of 5

12. The events giving rise to this litigation occurred at Swope Health Central, located at 3801 Blue Parkway, Kansas City, Jackson County, Missouri 64130.

13. On or about October 25, 2017, Plaintiff was an employee of Robert Half International and providing services to Swope Health per her assignment with Robert Half.

14. Upon information and belief, Defendant had the right to control the premises, including the cleaning and maintenance of the floors.

15. Defendant's employees were responsible for cleaning and maintaining the clinic floors.

16. On October 25, 2017, Plaintiff was walking through the clinic when she slipped and fell.

17. The clinic floor was slick and appeared to have been recently waxed or cleaned.

18. There were no wet floor signs, caution signs, cones, or any other warning concerning the slick floor.

19. Defendant was aware or should have been aware that the floors were slick.

20. Upon information and belief, Defendant owned, operated, and/or maintained the Swope Health premises.

21. Defendant is responsible for the maintenance, repair, and management of the Swope Health premises located.

## COUNT I: NEGLIGENCE - PREMISES LIABILITY

22. Defendant owed its patients, employees, independent contractors, staff, and visitors a duty to exercise reasonable care in maintaining safe premises.

23. The slick floor was a dangerous condition that posed an unreasonable risk of harm to the patients, employees, independent contractors, staff, and visitors, including Plaintiff, in that it presented an injury hazard in an area that most people working at, treating at, or visiting the clinic were highly likely to egress and ingress.

24. Defendants could have anticipated that a wet or slick substance on the floors could cause harm to individuals such as Plaintiff.

25. Defendant knew or should have known of the condition of the premises, should have realized that it involved an unreasonable risk of harm, and should have expected that Plaintiff could not avoid the hazard.

26. Defendant had sufficient time to correct the dangerous condition.

27. Defendant failed to exercise reasonable care and were therefore negligent in that they:

   a. Failed to properly inspect the floors;

   b. Failed to keep the floors clear and dry;

   c. Failed to disclose or warn of the danger of the Defendant's failure to properly maintain the floor;

   d. Failed to remove the substance from the floor;

   e. Was otherwise negligent in respects presently unknown to the Plaintiff.

**PRAYER FOR RELIEF**

28. As a direct and proximate result of Defendant's negligence, Plaintiff suffered damages including, but not limited to:

   a. Severe bodily injuries to her right leg, ankle, and foot;

   b. Past and future medical expenses;

___

Petition     Page **4** of **5**

c. Lost wages;

d. Non-economic damages including pain, suffering, mental anguish, loss of enjoyment of life, and disfigurement;

e. Post-judgement interest; and

f. Other damages, the nature and extent of which are not presently known.

**WHEREFORE** Plaintiff Desire Griffin prays for judgment against the United States of America in a fair and reasonable amount of $574,202.70, for the costs of this action, and for any further relief that the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial in this matter.

*Respectfully Submitted*,

CASTLE LAW OFFICE OF KANSAS CITY

/s/ *Heather A. Lottmann*
Heather A. Lottmann, MO Bar No. 61241
Andrew C. Schendel, MO Bar No. 61186
811 Grand Blvd., Suite 101
Kansas City, MO 64106
P: 816-283-0303
F: 816-842-0016
hlottmann@castlelaw-kc.com
aschendel@castlelaw-kc.com
ATTORNEYS FOR PLAINTIFF

Petition     Page **5** of **5**

Case 4:20-cv-00259-BCW   Document 1   Filed 04/01/20   Page 5 of 5